IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHANE KAUI,<br><br>Defendant. | Case No. 17-cr-00555-DKW-2<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

After adjudicating more than thirty COVID-19-based compassionate release motions, the Court has yet to see one that has less merit than the one currently before it. Having had and recovered from COVID-19 without any significant symptoms, having now been fully vaccinated against the virus, and currently housed in a Bureau of Prisons facility with no positive COVID-19 cases among the inmate population, Defendant Shane Kaui argues that COVID-19 still, somehow, justifies this Court reducing his 151-month sentence after having served only 18 months. For the reasons set forth below, his motion is most assuredly DENIED.

## RELEVANT BACKGROUND

On July 16, 2018, Kaui pled guilty to a methamphetamine distribution-related offense. Dkt. No. 229. On September 11, 2019, the Court sentenced Kaui to 151 months' imprisonment and five years of supervised release. Dkt. Nos. 385, 387. In doing so, the Court departed downward from the sentencing guideline

range (262–327 months) because of Kaui's substantial assistance to the government. Dkt. No. 388.

On April 23, 2021, Kaui filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("compassionate release motion"). Dkt. No. 549. Kaui argues his age and medical conditions—obesity, type 2 diabetes, hypertension, and Schizoaffective Disorder—in light of the COVID-19 pandemic, present an extraordinary and compelling reason warranting his immediate release. Dkt. No. 549-1 at 15–23. On May 10, 2021, the Government filed a response opposing any sentence reduction, Dkt. No. 555, to which Kaui replied on May 12, 2021, Dkt. No. 559. This order follows.

## LEGAL STANDARD

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Such circumstances must be "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Dillon*, 560 U.S. at 827, 831; *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).

Congress carved out one such circumstance in 18 U.S.C. § 3582(c)(1)(A)(i). A court may "modify a term of imprisonment" upon an inmate's motion if:

1. the inmate exhausted "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on her behalf or 30 days has lapsed since the relevant warden received a request to do so;

2. the inmate has established that "extraordinary and compelling reasons warrant such a reduction"; and

3. the court considers the sentencing factors set forth in 18 U.S.C. §3553(a).

18 U.S.C. § 3582(c)(1)(A)(i). The inmate bears the burden of establishing the requirements for a sentence reduction by a preponderance. *See, e.g.*, *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *see also Walton v. Arizona*, 497 U.S. 639, 650 (1990) (a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

## **DISCUSSION**

The parties dispute only the second and third requirements detailed above. *See* Dkt. No. 555 at 2–3 ("the government agrees . . . that [Kaui] has satisfied the administrative exhaustion requirement"). Kaui argues that his age (53 years old), weight, type 2 diabetes, hypertension, and Schizoaffective Disorder, in light of the COVID-19 pandemic, present an extraordinary and compelling reason warranting release. Dkt. No. 549-1 at 15–23. The Government disagrees, arguing that Kaui's circumstances are not extraordinary and compelling "because he has been fully vaccinated" against the virus, as have more than 50% of the inmates in Kaui's New

Jersey facility. Dkt. No. 555 at 6, 13–22. Moreover, the Government argues, the goals of sentencing would not be served if Kaui was released after serving only approximately 18 months or just 12 percent of his sentence. *Id.* at 26–29.[1] The Court agrees with the Government, and, for the reasons explained below, Kaui's compassionate release motion is DENIED.

## I.     Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons." While Congress did not define "extraordinary and compelling reasons" warranting compassionate release, the Sentencing Commission has. *See* U.S.S.G. § 1B1.13. However, that definition is binding only as to compassionate release motions brought by the Director of the Bureau of Prisons, not where, as here, such motions are brought directly by a defendant. *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). While the Sentencing Commission's statements in U.S.S.G. § 1B1.13 are not *binding* in the circumstance presented here, they nonetheless "may inform a district court's discretion for [Section] 3582(c)(1)(A) motions filed by a defendant." *Id.* at *802.

This Court has explained the showing a defendant must make in a compassionate release motion premised on the risks of COVID-19:

> [W]here an inmate is seeking compassionate release due to a potential reaction to a communicable disease, such as COVID-19, [the inmate] must

---
[1] Kaui has been in custody since November 4, 2019. *See* Dkt. No. 385.

> usually demonstrate that the potential to be infected is high, [the inmate] is at risk of a severe reaction if infected, and should [the inmate] become infected, [he or she] will suffer significant short- or long-term harm or death. Because the remedy sought—years off a sentence for a felony conviction—is extraordinary, the circumstances warranting that remedy must be likewise extraordinary (and compelling).

*United States v. Blumenstein*, 2021 WL 1655823, at *4 (D. Haw. April 27, 2021); *accord United States of America v. Marshall*, 2021 WL 1535332, at *2 (D. Nev. Apr. 19, 2021) ("courts have looked to the safety of the defendant's current detention institution compared to release, as well as whether the defendant's medical conditions elevate the risk of severe illness from COVID-19" (citation omitted)); *United States v. Kauwe*, 467 F. Supp. 3d 940, 946 (D. Nev. 2020) (considering whether: "(1) the combination of [the defendant's] age and underlying health conditions elevate his risk of becoming seriously ill were he to contract COVID-19 . . . and (2) he faces greater risk from COVID-19 if he continues to be housed at his current facility instead of being released"); *United States v. Williams*, 2020 WL 4586860 at *3 (D. Haw. Aug. 10, 2020) (denying compassionate release because the defendant failed to demonstrate a large number of past or present infections at the facility); *United States v. Kim*, 2020 WL 3213312, at *3 (D. Haw. June 15, 2020) (denying compassionate release because the "court cannot tell that there is a substantial risk that [the defendant] will be reinfected").

Kaui does not come close.  Even if the Court accepts that his age and medical conditions put him at a greater risk of a severe reaction to COVID-19,[2] the significance of those facts is dwarfed by many others.  For instance, Kaui, in fact, *did not* have a severe reaction to the disease when he was infected in August 2020.  Dkt. No. 549-4 at 103–11 (Kaui reporting only minor symptoms: he felt feverish, had body aches, and loss of appetite for a few days).  Moreover, **he is now fully vaccinated[3] against the virus—as are more than 50% of the inmates at his facility—and 0 inmates at his facility are currently infected with the virus**.[4]  In other words, not only are his chances of contracting the virus in his facility *extremely* low, his risk of a severe reaction should he be among those rarely reinfected[5] is likewise *extremely* low.  Kaui is likely at less risk of contracting COVID-19 in his facility than the majority of the American public is outside of it.  And there is simply no scientific evidence to support a finding that should Kaui, somehow, become reinfected, he will suffer significant short- or long-term harm or

---

[2]*People at Increased Risk: Older Adults*, CDC (last updated May 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited May 16, 2021); *People at Increased Risk: People with Certain Medical Conditions*, CDC (last updated May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 17, 2021).
[3]Dkt. No. 562 at 68 (showing Kaui received the Pfizer-BioNTech vaccine on March 24, 2021 and April 14, 2021).
[4]*COVID-19 Coronavirus: COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited May 16, 2021).
[5]*Reinfection with COVID-19*, CDC (last updated Oct. 27, 2020), https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last visited May 16, 2021) (explaining that reinfections of COVID-19 are "rare").

death.  *See* Dkt. No. 555 at 14–15 (detailing studies showing efficacy of vaccines in preventing infection and severe reactions to COVID-19).[6]

Because Kaui has failed to demonstrate any reason warranting a sentence reduction, let alone an extraordinary and compelling one, his motion is DENIED.

## II.     Section 3553(a) Factors

Even if Kaui presented an extraordinary and compelling reason warranting a sentence reduction, the Court must consider any such reduction in light of the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A). Kaui argues that, in addition to the COVID-19 pandemic, several factors weigh in favor of release: (1) "Kaui is due to participate in the BOP's 500-hour Residential Drug Abuse Program"; (2) he has completed a number of educational programs while incarcerated; and (3) he has a "well-developed" release plan.  Dkt .No. 549-1 at 36–38.  Kaui has also submitted excerpts from letters that were submitted on his behalf at the time of sentencing.  *Id.* at 32–36.

While it is encouraging that Kaui is motivated to better himself by completing several educational programs and seeking enrollment in an extensive drug-abuse treatment program, completing a modest amount of prison

---

[6]Kaui's arguments that new COVID-19 variants pose a risk to him are unpersuasive because they are pure conjecture.  *See* Dkt. No. 559 at 3–4.  Likewise, that experts do not yet know how long the vaccines will remain effective is unpersuasive because Kaui was fully inoculated not less than a month ago and because he bears the burden of justifying the extraordinary remedy he seeks.  Dkt. No. 549-1 at 9; Dkt. No. 549–4 at 58; Dkt. No. 555 at 13.

programming over the course of roughly 18 months is not compelling evidence of rehabilitation warranting the magnitude of the reduction requested. As to Kaui's release plan, the Court agrees with the Government, Dkt. No. 555 at 33, that it is hardly "well-developed" or compelling in that he explains only that, if released, he would live with his family. Dkt. No. 549-1 at 37. As to the letters submitted at Kaui's sentencing, the Court, of course, considered those when downwardly departing to arrive at Kaui's original sentence and to consider those again amounts to double-counting.

Kaui has an extensive criminal history, including several prior prison terms. Dkt. No. 368 at 17–23. Nothing yet has deterred him, as evidenced by the present crime, where Kaui was found responsible for more than 18.5 pounds of methamphetamine. *Id.* at 14. Thus, the Court finds that even in light of the modest educational programs and rehabilitation he has and is committed to completing, his 151-month prison sentence remains sufficient but not greater than necessary "(a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; and (c) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A)–(C).

## **CONCLUSION**

For the reasons set forth herein, Kaui's motion for compassionate release, Dkt. No. 549, is DENIED.

IT IS SO ORDERED.

DATED: May 17, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*United States v. Shane Kaui*, Criminal No. 17-00555-DKW-2, **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**